**Alfred R. RECCHION, an individual, and derivatively on Behalf of WESTINGHOUSE ELECTRIC CORPORATION, Plaintiff,**

v.

**Robert E. KIRBY, et al., Defendants.**

Civ. A. No. 85–1324.

United States District Court,
W.D. Pennsylvania.

Jan. 7, 1986.

---

**6.** Pennsylvania's security for expense statute is contained in 15 P.S. § 1516 (Purdon's 1985).

John M. Tighe and John T. Tierney, III, Pittsburgh, Pa., for plaintiff.

Edwin L. Klett and Larry K. Elliot, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Alfred R. Recchion, brings this derivative action on behalf of Westinghouse Electric Corporation (Westinghouse) against past and present officers and directors of Westinghouse. This action was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania, and removed to this Court on the basis that plaintiff's complaint states a cause of action under the Securities and Exchange Act of 1934 (the Act), 15 U.S.C. § 78a. On November 29, 1985, the Court *sua sponte* addressed the propriety of removal in the instant case and the basis for the Court's subject matter jurisdiction and ordered the parties to file briefs on the issue.

### I. Derivative Jurisdiction

As noted, the basis for removal in this case was that plaintiff's complaint states a cause of action arising under the Act. Jurisdiction to hear such claims is exclusively vested in the federal courts. 15 U.S.C. § 78aa; *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3d Cir.1979), *cert. denied sub nom*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Jurisdiction of a federal court on removal is derivative in nature. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). Thus, if the state court in which a case is first filed lacks subject matter jurisdiction, the federal court to which the case is removed also lacks jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Dyer v. Greif Brothers, Inc.*, 766 F.2d 398, 399 (9th Cir.1985); *Stapleton v. $2,438,110.00*, 454 F.2d 1210, 1213 (3d Cir.), *cert. denied sub nom*, 409 U.S. 894, 93 S.Ct. 111, 34 L.Ed.2d 151 (1972). This is so even if the action might have been origi-

nally filed in federal court. *Gleason v. United States*, 458 F.2d 171, 173–74 (3d Cir.1972). In such a situation, dismissal is required despite the fact that the Court would have had jurisdiction to hear the suit had it initially been brought in federal court. *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 167–68 (3d Cir.1976). The Supreme Court recently approved the derivative jurisdiction doctrine in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In discussing the removal of a claim within the scope of the Employee Retirement Income Security Act of 1974, the Supreme Court declared as follows:

> Precedent involving other statutes granting exclusive jurisdiction to the federal courts suggest that, if such an action were not within the class of cases over which state and federal courts have concurrent jurisdiction, the proper course for a federal district court to take after removal would be to dismiss the case altogether without reaching the merits.

*Id.* at 24 n. 27, 103 S.Ct. at 2854 n. 27.

■ Because the deficiency is one which goes to the subject matter jurisdiction of the Court, it may be raised at any time—even on appeal. Moreover, it may, as in the present suit, be raised by the Court *sua sponte*. 1A Moore's Federal Practice ¶ 0.157[3.–2] at 58 (1985). Therefore, if plaintiff's complaint states an exclusive federal claim, the Court must dismiss the complaint.

■ Although plaintiff's complaint is somewhat misleading, plaintiff maintains that the complaint only alleges a state claim. Plaintiff is free to ignore a federal claim and rely instead on a state ground. *Vitarroz v. Borden, Inc.*, 644 F.2d 960, 964 (2nd Cir.1981); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3d Cir.1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). Therefore, the Court concludes that plaintiff's complaint does not state a federal cause of action under the Act and concludes that although removal was improper, the case should not be dismissed but may be remanded to state court.

## II. Diversity Jurisdiction

Defendants maintain that subject matter jurisdiction exists independently pursuant to 28 U.S.C. § 1332(a) and, therefore, the Court has jurisdiction by reason of the doctrine of estoppel and waiver. Section 1447(c) of Title 28 states:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

This provision has been interpreted to allow the district court some discretion in deciding whether a technically improper removal necessitates remand. If the case is one within the original jurisdiction of the federal court, it is generally established that the federal court may retain jurisdiction if the court concludes that the party seeking remand has waived objections. 1A Moore's Federal Practice ¶ 0.157[11.–1] to [11.–6] (1985).

In *Allbritton Communication Co. v. NLRB*, 766 F.2d 812, 820 (3d Cir.1985), the Third Circuit noted that although removal proceedings are in the nature of process, and thus defects in the removal procedure are waivable, an absolute non-waivable requirement is that the federal subject matter jurisdiction to adjudicate the dispute exists. In this regard, it has been held that if the defect in removal is not raised until the matter is appealed from the district court, the Court of Appeals will only consider whether the district court could have had original jurisdiction of the suit. *See Medlin v. Boeing Vertol Co.*, 620 F.2d 957 (3d Cir.1980). The principle is based on the fact that a party may not wait until it has obtained a final judgment in the district court to raise an objection which does not go to the subject matter jurisdiction of the court which entered that final judgment. In this regard, the Supreme Court in *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972), stated as follows:

Longstanding decisions of this court make clear ... that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

See *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 16–17, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951).

The rule that any defect in the removal procedure can be waived where the federal court has concurrent subject matter jurisdiction with the state court is most frequently applied where defects in removal were first raised by the Court or the parties after a trial on the merits. *Grubbs v. General Electric Credit Corp., supra; Medlin v. Boeing Vertol Co., supra.* Thus, plaintiff is also deemed to have waived any objection to improper removal and is estopped from objecting to improper removal where the merits are reached and determined on a motion for summary judgment. *Stone v. Stone*, 632 F.2d 740, 742 (9th Cir.), *cert. denied sub nom*, 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981). *But cf. Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1066 (9th Cir.1979) (*Grubbs* rule inapplicable where only partial summary judgment is rendered on the factual issues before the court).

A more difficult issue is raised where the issue of jurisdiction is raised prior to a decision on the merits.[1] There are no fixed criteria for determining when waiver of objections to removal has occurred. However, the following factors are often relevant to the Court's decision: (1) the length of time prior to the filing of a motion to remand, *Green v. Zuck*, 133 F.Supp. 436 (S.D.N.Y.1955); *Fisher v. Exico Co.*, 13 F.R.D. 195, 196 (E.D.N.Y.1952); (2) the degree to which the party seeking remand has made use of the processes of the federal court prior to filing the motion to remand, *Monaco v. Carey Canadian Mines, Ltd.*, 514 F.Supp. 357 (E.D.Pa.1981); (3) the degree to which the party has sought affirmative relief from the federal court prior to seeking remand, *In Re Moore*, 209 U.S. 490, 496, 28 S.Ct. at 585, 586, 52 L.Ed. 904 (1908); and (4) whether the party seeking remand has done something or enjoyed something which would make it inequitable to remand the case at this time, *Noethe v. Mann*, 27 F.2d 451 (D.Minn.1928). In the instant case, plaintiff did not object to the removal. In fact, plaintiff specifically stated:

Plaintiff did not challenge removal of this derivative action because plaintiff believes that it was pendant [sic] to all claims before this court and this action could properly have been removed on account of diversity of citizenship. Plaintiff's research has indicated that none of the defendant directors are residents of the plaintiff's state, New Jersey. Therefore, this court has jurisdiction on grounds other than those alleged by defendants in their petition for removal.

Plaintiff's memorandum of law submitted in opposition to defendant's motion to dismiss, p. 15.

Further, the residence of almost all of the defendants is stated and plaintiff avers in his amended complaint that this Court's jurisdiction is properly based on diversity jurisdiction. (Docket entry No. 12, amended complaint ¶ 28).

---

1. Since subject matter jurisdiction may never be waived, Fed.R.Civ.P. 12(h), the Court may and should raise the issue *sua sponte. Franchise Tax Board, supra; Athens Community Hospital, Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C.Cir. 1982); *Medlin v. Boeing Vertol Co.*, 620 F.2d at 960. The Court is mindful of a number of general principals that guide the exercise of the federal court's removal jurisdiction. In *Abels v. State Farm Fire and Casualty Co.*, 770 F.2d 26, 29 (3d Cir.1985), the Third Circuit cautioned that because lack of jurisdiction would make any decree in a case void, and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand. The defendants' right to remove is to be determined according to plaintiff's pleading at the time of the petition for removal and it is the defendants' burden to show the existence of federal jurisdiction.

Plaintiff makes two objections to the applicability of the waiver doctrine in the instant case. First, plaintiff correctly notes that in the absence of a federal question, a state court action is removable only if *"none* of the parties in interest properly joined and served as defendants" is a citizen of the forum state, 28 U.S.C. § 1441(b) (emphasis added), and if there is complete diversity between all plaintiffs and defendants. However, the issue at this stage in the proceedings is not whether removal was proper, but whether the plaintiff, by failure to raise the impropriety of removal, has waived any objections. Although removal under § 1441(b) is technically improper since some of the defendants are residents of Pennsylvania, which is the state in whose court the action was originally brought, since plaintiff has proceeded here without objection to the removal, the Court finds that he has waived his right to seek remand to state court. *Woodward v. D.H. Overmyer Co.,* 428 F.2d 880, 882 (2nd Cir.1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971); *American Oil Co. v. McMullin,* 433 F.2d 1091, 1093 (10th Cir.1970); *Stromberg v. Costello,* 456 F.Supp. 848 (D.Mass.1978).

Second, plaintiff correctly points out that the majority of cases in which the waiver doctrine was invoked was where there had been a final decision on the merits. However, there are no fixed criteria for determining when waiver of objections to removal has occurred. The Court is certain that had it not raised the propriety of removal in this case, plaintiff would not have raised it. Indeed, plaintiff has expressed his satisfaction in proceeding in a federal forum. The clearest case for finding waiver occurs where the party seeking removal has explicitly agreed to removal. *See, e.g., Traylor v. Black, Sivalls & Bryson, Inc.,* 189 F.2d 213, 214 (8th Cir.1951). In such a case, the parties clear assent may vitiate the need to defer to the original choice of forum. In the instant case, the Court finds the following facts noteworthy: (a) plaintiff never filed a motion to remand; (b) plaintiff has noticed several depositions; (c) plaintiff responded to a motion to dismiss by the defendants; and (d) plaintiff clearly stated in his motion to dismiss and in his brief his consent to waiving any improprieties in the removal procedure and proceeding on the basis of diversity of citizenship. Further, although this case was not removed to this Court until June of 1985, plaintiff had originally filed a derivative action against Westinghouse in 1983. *See* Civil Action No. 83–856. In January of 1985, 606 F.Supp. 889, the Court dismissed plaintiff's derivative claim against Westinghouse finding that plaintiff had not set forth sufficient allegations to show that demand on the Board of Directors would have been futile in this case. (*Id.,* docket entry No. 42). Subsequent to this Court's dismissal, plaintiff filed an almost identical action in state court on May 6, 1985. The Court is certain that discovery undertaken in the 1983 suit is relevant to the instant case. Accordingly, the Court finds that the plaintiff has waived any defects in the removal procedure utilized by the defendants in this case and finds that subject matter jurisdiction is proper pursuant to diversity of citizenship.

An appropriate Order will be issued.

## ORDER

AND NOW, this 7th day of January, 1986, upon consideration of the briefs filed by the parties in the above captioned matter in accordance with the Court's Order of November 29, 1985, the Court finds that jurisdiction is properly invoked pursuant to 28 U.S.C. § 1332.

IT IS FURTHER ORDERED that this Court will hold a hearing on Friday, February 7, 1986, at 9:30 a.m., to consider the issue of plaintiff's adequacy as a representative as raised in Defendant's Motion to Dismiss the Amended Complaint filed in the above captioned matter on December 5, 1985.