**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**THE 65 SECURITY PLAN, Lindemuth, Michael.**

No. 88–5826.

United States Court of Appeals, Third Circuit.

Argued April 10, 1989.

Decided July 19, 1989.

Thomas E. Brenner (argued), Goldberg, Katzman & Shipman, P.C., Harrisburg, Pa., for appellant.

Stephen C. Richman (argued), Paula R. Markowitz, Markowitz & Richman, Philadelphia, Pa., for appellees.

Before HIGGINBOTHAM, STAPLETON, and COWEN, Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge.

This is an appeal from an order granting summary judgment in favor of defendant-appellees Michael Lindemuth ("Lindemuth") and The 65 Security Plan ("the Plan") against plaintiff-appellant Allstate Insurance Co. ("Allstate"). The core issue that Allstate seeks to have determined in this declaratory judgment action is whether its medical insurance coverage of Lindemuth or that of the Plan is primary. We conclude, however, that the district court lacked jurisdiction to consider the merits of the case, as do we. Consequently, we will vacate the judgment of the district court and will remand to that court with instructions that it in turn remand these proceedings to the state court whence they came.

## I.

Michael Lindemuth was involved in a car crash in September 1983 in which he sustained severe personal injuries. At the time of the accident, Lindemuth was covered as a dependent under a no-fault automobile insurance policy issued by Allstate to his father, Charles Lindemuth. He was also covered as a dependent under a medical insurance program provided by the Plan to cover employees at his father's place of employment.

Following the accident, claims for no-fault insurance benefits were presented to Allstate. Allstate paid those claims[1] but thereafter contended that its policy only provides "excess"[2] coverage and that the Plan must both reimburse Allstate for its payments to Lindemuth and assume responsibility for all such future payments. The Plan, however, citing its own "escape"[3] and "excess" clauses contended that it is not the primary insurer and refused to reimburse Allstate. Allstate is an insurance company authorized by the Commonwealth of Pennsylvania to issue various insurance policies and the Plan is an employee welfare plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Lindemuth is an adult Pennsylvania resident.

This declaratory judgment action was filed by Allstate in the Court of Common Pleas of Lycoming County, Pennsylvania. The Plan removed the suit to the United States District Court for the Middle District of Pennsylvania on the grounds that the Allstate action stated a claim under section 502 of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1331. Cross-motions for summary judgment were filed by the parties and the district court entered an order granting judgment in favor of the Plan and Lindemuth. This appeal followed.

## II.

In deciding whether the action was properly removed from state court pursuant to 28 U.S.C. § 1441[4] and 28 U.S.C. § 1331 ("federal question" jurisdiction), we must start our analysis with the "well-

---

1. Allstate has so far reimbursed Lindemuth in excess of $225,000 for his medical expenses.

2. "Excess coverage" is a term of art meaning that the applicable insurance policy will "provide an insured with only secondary (or excess) protection when coverage from another policy is available." *Northeast Department ILGWU v. Teamsters Local Un. No. 229*, 764 F.2d 147, 160 (3d Cir.1985).

3. An "escape" clause is also a term of art referring to a policy clause "provid[ing] for an outright exception to coverage if the insured is

covered by another insurance policy." *Northeast Dept.*, 764 F.2d at 160.

4. Section 1441 states that
   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
   28 U.S.C. § 1441(a).

pleaded" complaint rule. *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie Railroad Co.,* 858 F.2d 936, 939 (3d Cir.1988). It has long been established that, for purposes of removal jurisdiction, "the well-pleaded complaint rule requires [that] the federal question be presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank,* 299 U.S. 109, 112–13 [, 57 S.Ct. 96, 97–98, 81 L.Ed. 70]." *Id.; see Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Thus, the plaintiff is master of its own claim and can choose to keep its suit in state court if its well-pleaded complaint does not affirmatively rely on federal law. It also follows that a case may not be removed to a federal court on the basis of a federal defense, including one that the state law relied upon by the plaintiff has been preempted by federal law and that relief can be had, if at all, only under that federal law. As the Supreme Court has recently observed:

> [A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (emphasis in original).

However, one "independent corollary" to the well-pleaded complaint rule is the "complete preemption doctrine." Under the complete preemption doctrine, "Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan,* 107 S.Ct. at 1546. Thus, we are presented with two issues: first, whether Allstate's state-court complaint relies upon a federal law ground as a ground for recovery and second, if it does not, whether it makes a claim that is "completely preempted."

### A.

■ Allstate's complaint seeks an order declaring that (1) Lindemuth's medical expenses are included within the coverage of the Plan and that Allstate is only secondarily liable for them; and (2) Allstate is entitled to indemnity or contribution from the Plan for Lindemuth's medical expenses paid to date. The only controversy Allstate has with Lindemuth is whether and to what extent Lindemuth's medical expenses are within the scope of the Allstate policy, and its claim against him is stated as one in contract. Allstate's controversy with the Plan turns on the interpretation and interaction of the "excess" and "escape" clauses of the respective policies and its claims against the Plan are stated as indemnity and contribution claims. In no instance does the complaint rely upon federal law. In fact, Allstate has relied exclusively on Pennsylvania law in support of its claim both here and in the district court, citing, *inter alia, Grasberger v. Liebert & Obert,* 335 Pa. 491, 6 A.2d 925 (1939) (developing Pennsylvania rules for construing conflicting 'other insurance' clauses in insurance contracts).

Thus, Allstate's "well-pleaded complaint" does not, on its face, state a federal claim and the fact that the Plan may have a preemption defense does not alone permit removal. We must now consider if Allstate's claims fall into one of those narrow areas that Congress has decided to completely preempt.

### B.

■ The doctrine of complete preemption applies only when two circumstances are present: when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. *Railway Labor,* 858 F.2d at 942–943. We find neither circumstance present here.

■ The initial issue is whether ERISA's civil enforcement provision, section 502(a), creates a federal cause of action vindicating the same interest that All-

state seeks to vindicate in its suit. That provision generally provides that a civil action may be brought by a participant, a beneficiary, or, in some circumstances, by the Secretary of the Department of Labor or an ERISA fiduciary to enforce the terms of a plan or remedy a violation of ERISA, 29 U.S.C. § 1132(a). ERISA nowhere provides an express cause of action in favor of a non-ERISA insurance company for contribution or indemnity from an ERISA plan. In this respect, the case before us is much like the situation before the court in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). There, a state tax authority filed suit in a state court in an attempt to levy on funds held in trust by an ERISA plan and the plan removed the case to a federal district court. The Supreme Court held that there was no removal jurisdiction because section 502(a) did not create a "cause of action in favor of state governments, to enforce tax levies or for any other purpose." *Id.* at 25, 103 S.Ct. at 2854.

Appellees argue, however, that Allstate's complaint does state a cause of action explicitly recognized under ERISA in that Allstate is in some manner subrogated to beneficiary Lindemuth's claim against the Plan under section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), the statutory provision that authorizes a beneficiary's suit to recover benefits from an ERISA plan. We have recently considered and rejected a similar argument, however. In *Northeast Department ILGWU v. Teamsters Local Un. No. 229*, 764 F.2d 147 (3d Cir.1985), one ERISA plan sued another claiming contribution and indemnity in connection with benefits it had paid to a participant of both plans. This court held "that the express jurisdictional provisions of ERISA, found in 29 U.S.C. § 1132, do not authorize federal jurisdiction over a suit ... brought by a pension fund and its trustee against another pension fund." 764 F.2d at 154. In rejecting the genre of subrogation analysis urged by appellees as a basis for jurisdiction under section 502(a)(1)(B), this court reasoned that "Congress simply made no provision in 1132(a)(1)(B) for persons other than participants and beneficiaries to sue, including persons purporting to sue on their behalf." *Northeast Dept.*, 764 F.2d at 154 n. 6. We also observed that a prior precedent of this court "implicitly adopted the view that § 1132 must be read narrowly and literally" and that such "a reading precludes the interpretation that a pension fund or a trustee (fiduciary) of a fund can sue under § 1132(a)(1)(B) on behalf of participants or beneficiaries." *Id.* at 153.

Moreover, turning to the second prerequisite for "complete preemption," our attention has not been directed to any evidence of an intent on the part of Congress to permit removal of the type of state-law claims made by Allstate in cases where the plaintiff exclusively relies on state law.

It follows that the district court had no removal jurisdiction. Although Allstate may have federal-common-law claims analogous to the claims set forth in its state-court complaint, *see, e.g., Northeast Dept.*, 764 F.2d at 157–58, it nevertheless has the right to insist upon litigating its state-law claims in the Court of Common Pleas. Allstate's right to proceed in that tribunal includes the right to have the Plan's preemption defense decided there. *See Railway Labor*, 858 F.2d at 942.

### III.

In light of the foregoing we will vacate the district court's judgment and remand the case to that court. The district court will, in turn, remand the case to the Court of Common Pleas of Lyoming County.