**Delores McDONOUGH, Executrix of the Estate of Robert Weiss, Plaintiff,**

v.

**BLUE CROSS OF NORTHEASTERN PENNSYLVANIA and Joseph Ichter, M.D., Defendants.**

**Civ. A. Nos. 89–1969, 89–1972.**

United States District Court,
W.D. Pennsylvania.

June 6, 1990.

Yaier Lehrer, Pittsburgh, Pa., for plaintiff.

William R. Caroselli, Caroselli, Spagnoli & Beechler, Pittsburgh, Pa., for Blue Cross.

James A. Wood, Israel & Wood, P.C., Pittsburgh, Pa., for Joseph Ichter.

## ORDER OF COURT

ZIEGLER, District Judge.

AND NOW, this 6th day of June, 1990, upon motion of defendant, Joseph Ichter, M.D., to reconsider order of April 26, 1990,

IT IS ORDERED that the motion for reconsideration be and hereby is denied for the following reasons:

1) Remand of a case to state court is a nondispositive action.

2) The appropriate standard of review by a district court for nondispositive actions taken by a magistrate is to determine whether the report and recommendations of the magistrate were clearly erroneous or contrary to law.

3) After reviewing the record that is before the court it cannot be stated that the order of April 26, 1990 is clearly erroneous or contrary to law.

## MEMORANDUM AND ORDER

GARY L. LANCASTER, United States Magistrate.

This action for damages was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Both defendants removed the case to the United States District Court. 28 U.S.C. § 1441(a). Plaintiff has moved for remand. Because the court lacks jurisdiction to entertain this claim, it will be remanded to the state court. *Id.* § 1447(c).

### A.

Accepting plaintiff's allegations as true, the following is the factual predicate for the claim. Plaintiff's decedent, Robert Weiss, was an insured of the defendant Blue Cross pursuant to a health-care plan provided by Weiss's employer. During his lifetime, Weiss suffered from a disease which could be remedied only through a heart-lung transplant. Accordingly, Weiss made application to defendant Blue Cross for precertification of the cost of a heart-lung transplant. Precertification would advise the surgeon and hospital that Blue Cross guaranteed payment for the procedure. At the direction of its director of medical services, defendant Joseph Ichter, Blue Cross denied the request for precertification, apparently determining that, in Weiss's case, a heart-lung transplant would not affect a cure but would be investigational or experimental only. As such, it was expressly excluded from coverage.

Weiss appealed the decision through Blue Cross' internal review procedures where the original denial of the request for precertification was affirmed. Thereafter, Weiss brought suit in state court seeking to enjoin Blue Cross from withholding precertification. Prior to a decision being rendered in that equity action, Weiss died from complications associated with the condition which necessitated the heart-lung transplant.

Broadly stated, plaintiff's complaint, as amended, contends that the defendants' failure to grant precertification, in contradiction to the terms of the insurance plan, effectively prevented Weiss from receiving the potentially life saving heart-lung transplant. As a direct result, during his lifetime, Weiss suffered unnecessary pain and inconvenience and eventually he died. Plaintiff's claim is advanced in four counts. The first is breach of contract contending that Blue Cross's denial of Weiss's request for precertification breached the contract of insurance. Count II is for violation of the Pennsylvania Unfair Insurance Practices Act. 40 P.S. §§ 1171.1–1171.15. Count III is a survival action for fraud, 42 Pa.C. S.A. § 8302; and Count IV is for wrongful death under the Pennsylvania wrongful death statute. 42 Pa.C.S.A. § 8301.

Each of the defendants removed the action to the Western District court contending that the plaintiff's purported claims for relief are cognizable only under the Employee Retirement Income Security Act ("ERISA" or "Act"), 29 U.S.C. § 1001 *et seq.*, and that plaintiff's state law claims are preempted by ERISA. Thus, the claims present a federal question under the provisions of 28 U.S.C. § 1441(b).

In support of her motion to remand, plaintiff directs us to *Mooney v. Blue Cross of Western Pennsylvania,* 678 F.Supp. 565 (W.D.Pa.1988). There, the district court held that no federal question jurisdiction was presented by a federal employee's action against an insurer based on

the insurer's failure to pay claims under the Federal Employee Health Benefits Program. The court held that the claim presented a question solely of contract interpretation governed by state law, not by the provisions of the federal statute and thus, ordered remand. The facts of *Mooney* are clearly distinguishable from those present here and the holding is not controlling.

 Nevertheless, since we are faced with a question of the court's subject matter jurisdiction, the court is obligated to make an independent determination of whether we have jurisdiction to entertain the claim. The court may even remand the action to state court *sua sponte* if the circumstances warrant. *Mall v. Atlantic Financial Federal,* 127 F.R.D. 107 (W.D. Pa.1989); *Recchion v. Kirby,* 637 F.Supp. 290 (W.D.Pa.1986). We conclude that the circumstances presented here warrant remand.[1]

### B.

 Under the removal statute, 28 U.S.C. § 1441(b), absent diversity of citizenship (as in the present case) a defendant's power to remove a state court action to federal court turns on whether the plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331. *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 343–44 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94, *reh. denied,* 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975). Moreover, for both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936); *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339. If it does not appear there, "no statement in the petition for removal ... can supply that want ..." *Tennessee v. Union &*

---

1. Although plaintiff's motion for remand was not filed until April 16, 1990, the question of whether the case was improperly removed and whether the court has jurisdiction to entertain this claim was posed and argued at the initial status conference held on March 1, 1990. Thus, we do not feel that additional briefing or oral argument would aid the court in resolving the matter.

*Planters' Bank,* 152 U.S. 454, 464, 14 S.Ct. 654, 657, 38 L.Ed. 511 (1894). More recently, the court reiterated: "The federal questions 'must be disclosed upon the face of the complaint ...'" *Phillips Petroleum Co. v. Texaco Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974) (per curiam) (quoting *Gully v. First National Bank,* 299 U.S. at 112, 57 S.Ct. at 97). *See generally* 1A Moore's Federal Practice ¶ 0.160, p. 225–36. These principles are well established and recognized as the "well pleaded complaint rule." Instantly, plaintiff's complaint sounds purely in Pennsylvania law, language, and theories of recovery. It neither expressly advances nor impliedly suggests a federal cause of action. Accordingly, under the well pleaded complaint rule, there is no basis for federal jurisdiction.

Blue Cross urges a contrary result. Specifically, Blue Cross argues that plaintiff's claim is one to determine whether defendants have improperly processed a claim for benefits under an insured employee benefit plan and that such actions are preempted by the provisions of ERISA. 29 U.S.C. § 1132. Thus, Blue Cross contends this court has jurisdiction because plaintiff's claim presents a federal question within the meaning of 28 U.S.C. § 1331, and, therefore, removal was appropriate.

In support of their position, defendants rely on *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), wherein the Supreme Court held that state common law causes of action asserting improper processing of a claim for benefits under an ERISA regulated employee benefit plan "relate to" the plan and are preempted by the Act. In a contemporaneous decision, however, the Court made clear that federal preemption is a defense to state law claims. The Court stated, "[A]s a defense it does not appear on the ·face of a well-pleaded complaint and therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1986) (quoting *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96). In other words, simply because a state law claim is subject to a preemption defense does not somehow convert the state law claim into a federal question within the meaning of 28 U.S.C. § 1331. The well-pleaded complaint rule remains in effect even when faced with an ERISA preemption defense. *Metropolitan Life v. Taylor,* 481 U.S. at 63, 107 S.Ct. at 1546. *See also Allstate Ins. Co. v. 65 Security Plan,* 879 F.2d 90, 93 (3d Cir.1989) ("[T]he fact that the [defendant] may have a[n] [ERISA] preemption defense does not alone permit removal.").

Yet, in *Metropolitan Life Ins. Co.,* the Supreme Court also recognized that an exception to the well-pleaded complaint rule is found where Congress has so completely preempted a particular area, that "any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan,* 481 U.S. at 63–64, 107 S.Ct. at 1546. The court further determined that since plaintiff's suit in *Metropolitan* was to recover benefits from the covered plan, it fell directly under section 502(a)(1)(B) of ERISA which provides the exclusive private civil cause of action for resolution of such disputes. In recognition of this corollary, the Supreme Court concluded:

> Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to a federal court by the defendants, 28 U.S.C. § 1441(b).

481 U.S. at 67, 107 S.Ct. at 1548.

Our reading of the above-referenced authorities leads us to conclude that simply finding that a state cause of action is subject to a federal preemption defense does not, in and of itself, authorize removal to the federal court. But, additionally, we must determine whether the claim asserted here is one of those "select group of claims" which Congress intended to fall within ERISA's exclusive civil enforcement provisions as set forth in section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B).

The Court of Appeals for the Third Circuit has recently provided some guidance in this area. In *Allstate Ins. v. 65 Security Plan,* the court held that complete preemption will support removal jurisdiction only when two circumstances are present: 1) the enforcement provisions of the federal statute create a federal cause of action vindicating the same interests that the plaintiff's state cause of action seeks to vindicate; and 2) where there is affirmative evidence of a Congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. *See Allstate Ins.,* 879 F.2d at 93. In this case, because the first circumstance is not present, we conclude removal was improper.

The civil enforcement provisions of ERISA allow a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In the instant case, however, plaintiff seeks none of these.[2] Plaintiff seeks compensatory damages resulting from the decedent's suffering and eventual death. That is, plaintiff contends that Weiss's physical pain, suffering, and eventual death were the direct and proximate result of the defendants' wrongful failure to authorize the precertification of the heart-lung transplant. ERISA, however, does not allow for the recovery of compensatory damages.

In *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), the Supreme Court held that a beneficiary could not recover, either compensatory or punitive damages, under section 409(a) of ERISA, 29 U.S.C. § 1109(a), against a fiduciary in his personal capacity for improper processing of benefit claims. *Id.* at 148, 105 S.Ct. at 3093. The basis for denial of such relief was that congressional intent showed there was no desire to imply a cause of action for extra-

contractual relief and none was provided expressly. *Id.* at 138, 105 S.Ct. at 3088. The Court explicitly reserved the question of whether extra-contractual damages were available under any other ERISA provision. *Id.* at 139 n. 5, 105 S.Ct. at 3088 n. 5.

However, courts that have addressed the issue have interpreted the *Russell* holding as denying compensatory damages under other ERISA provisions in analogous circumstances as presented here. *See Sokol v. Bernstein,* 803 F.2d 532 (9th Cir.1986); *Johnson v. Dist. 2 Marine Eng. Beneficial Ass'n,* 857 F.2d 514 (9th Cir.1988); *Powell v. Chesapeake & Potomac Telephone Co.,* 780 F.2d 419 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Rollo v. Maxicare of Louisiana,* 698 F.Supp. 111 (E.D.La.1988). Although the Court of Appeals for the Third Circuit has not directly addressed the issue of whether ERISA's civil enforcement provisions allow for compensatory damages, there is no reason to believe that it would reach a different result. *Cf. Trenton v. Scott Paper Co.,* 832 F.2d 806, 810 (3d Cir.1987), *cert. denied,* 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988) ("While the *Russell* court was deciding a type of claim different from that in the instant case, we find the Court's statements regarding the comprehensive remedial structure of ERISA instructive.").

Finally, whether plaintiff's allegations support the claims advanced under Pennsylvania law is not for us to determine. We determine only that ERISA's exclusive enforcement provisions do not vindicate the same interests that the plaintiff's state law claims seek to vindicate. In fact, ERISA could not even grant plaintiff the compensatory relief she seeks. Since plaintiff's claim fails to fall within those "select group of claims" which ERISA completely preempts, plaintiff's complaint is not removable under the complete preemption

---

2. Under Count III, ¶ 33 of the amended complaint, plaintiff avers that the defendant failed to pay certain medical bills related to the decedent's last hospital visit. However, this averment appears to be only a part of the *res gestae* of the underlying course of conduct, not a ground for recovery. Count III remains one to recover damages for defendant's failure to grant the precertification.

doctrine.[3]

## C.

 Federal Rule of Civil Procedure 72(a) authorizes a United States Magistrate to hear and determine any pretrial matter not dispositive of a party's claim or defense. Fed.R.Civ.P. 72(a). Congress has defined civil dispositive matters as ones for injunctive relief, judgment on the pleadings, summary judgment, class action certification, dismissal for failure to state a claim for which relief can be granted, and involuntary dismissal. 28 U.S.C. § 636(b)(1)(A). Remand to state court is neither identified by Congress as a dispositive matter nor does it dispose of a party's claim or defense. The removal statute particularly provides that an order remanding a case to state court is not reviewable on appeal or otherwise, except in situations not relevant here. 28 U.S.C. § 1447(d). Remand merely determines that the litigation shall take place in state court rather than federal court; thus, we are authorized to enter final order remanding the matter to the state court. *Accord: North Jersey Savings and Loan Ass'n v. Fidelity and Deposit Company of Maryland*, 125 F.R.D. 96 (D.C.N.J.1988); *Jacobsen v. Mintz, Levin, Cohn P.C.*, 594 F.Supp. 583 (D.Maine 1984); *Acme Electric Corp. v. Sigma Instruments, Inc.*, 121 F.R.D. 26 (W.D.N.Y.1988).

Either party may, however, appeal this order within 10 days to a district judge. The standard of review upon appeal is whether the magistrate's determination is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). A party's failure to file a timely appeal to a district judge will constitute a waiver of that party's right to a review by a district judge. *See United Steelworkers of America v. New Jersey Zinc Co.*, 828 F.2d 1001 (3d Cir.1987); *EEOC v. U.S. Steel Corp.*, 728 F.Supp. 1167 (W.D.Pa.1989).

An appropriate order follows.

**3.** Although we have discussed preemption as a defense, the parties should not read into this opinion that we have determined that the preemption defense is valid or is not valid. We conclude only that the defense should be raised

## ORDER

AND NOW, this 26 day of April, 1990, IT IS HEREBY ORDERED that this case is remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.

in state court. Further, because we have concluded that jurisdiction is lacking, we do not address defendants' outstanding Rule 12(b) motions to dismiss but leave that to the state court.