**ALLERGY DIAGNOSTICS LABORATORY,**
Plaintiff,

v.

**The EQUITABLE and Mr. Robert Gardner, Benefit Approver,**
**Defendants.**

**Civ. A. No. 90-2045.**

United States District Court,
W.D. Pennsylvania.

Dec. 17, 1991.

---

Richard C. Schomaker, Pittsburgh, Pa., for plaintiff.

Michael L. Fitzpatrick, Pittsburgh, Pa., for defendants.

### MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff, a medical service provider, filed a number of small complaints with its local district justice. Its default judgments were consolidated for appeal in the Court of Common Pleas of Allegheny County, Civil Division, Arbitration Division. This state court action alleged, *inter alia,* avoidance of payment for medical services by defendant. On December 14, 1990, defendant The Equitable, an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002, petitioned this court for removal under 28 U.S.C. § 1441, claiming that plaintiff's suit presented removable federal questions arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001, *et seq.* (ERISA). Accordingly, defendants asserted that the district court had exclusive original jurisdiction.

Presently before the court is a question regarding the court's subject matter jurisdiction. Under these circumstances, a court is obligated to make its own determination as to whether it can assume jurisdiction over matters relating to an action. If the court concludes that it lacks subject matter jurisdiction, it may, on its own motion, remand the case to state court. *McDonough v. Blue Cross of Northeastern Pennsylvania,* 131 F.R.D. 467 (W.D.Pa.1990); *Mall v. Atlantic Financial Federal,* 127 F.R.D. 107 (W.D.Pa. 1989); *Recchion v. Kirby,* 637 F.Supp. 290 (W.D.Pa.1986).

Upon the court's raising the jurisdictional issue at a status conference, defendant argued that because it is an ERISA plan this claim must be brought in federal court as "relating to" such a plan. Defendant further urged that the court find that plaintiff lacked standing to bring an ERISA action. This opinion addresses jurisdiction-

al issues and ERISA preemption of state law claims brought by a medical service provider against an employee welfare benefit plan. In the court's view, discussion of defendant's standing claim is necessary only to the extent that that claim relates to the jurisdiction and preemption issues. Because a medical service provider lacks standing under Third Circuit law to assert a claim under ERISA's exclusive civil enforcement provisions, the court finds that the circumstances of this case warrant remand.

## DISCUSSION

Defendant grounded its petition for removal on ERISA § 514, which provides:

> Except as otherwise provided in subsection (b) (dealing with laws which regulate insurance), the provisions of this subchapter shall supersede any and all state laws insofar as they now or hereinafter relate to any employee benefit plan.

29 U.S.C.A. § 1144.

The Supreme Court, in *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), interpreted this section in conjunction with the legislative history of the Act and held that the civil enforcement provisions of ERISA § 514 are the exclusive vehicle for actions by ERISA plan participants and beneficiaries. As such, all claims arising under this provision present removable federal questions.

Supreme Court doctrine does not, however, permit automatic removal of all ERISA cases to federal court. In *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), the Court held that merely because a state law claim is subject to preemption does not convert the state claim into a federal question within the meaning of 28 U.S.C. § 1331. *See also Allstate Insurance Co. v. 65 Security Plan,* 879

F.2d 90, 93 (3d Cir.1989). Under the removal statute, 28 U.S.C. § 1441(b), absent diversity of citizenship (as in the present case), a defendant's power to remove a state court action to federal court turns on whether the plaintiff's claim arises under federal law within the meaning of 28 U.S.C.A. § 1331. *McDonough,* 131 F.R.D. at 469. Moreover, for both removal and original jurisdiction, the federal question[1] must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. *Id.* at 469.

These firmly-established principles are recognized as the "well pleaded complaint rule." This rule remains in effect where plaintiff's state law claims are faced with an ERISA preemption defense. *Metropolitan Life,* 481 U.S. at 63, 107 S.Ct. at 1546; *Allstate,* 879 F.2d at 93. ("[T]he fact that the [defendant] may have a[n] [ERISA] preemption defense does not alone permit removal."). An exception to the well-pleaded complaint rule, known as complete preemption, exists only where it is found that Congress has so completely preempted a particular area, that "any civil complaint raising this select group of claims is necessarily federal in character." *McDonough,* 131 F.R.D. at 470.

Plaintiff's complaint appears to present a simple state law breach of contract claim.[2] As such, the court must determine whether the claim asserted is one of those "select group of claims" which Congress intended to fall within ERISA's exclusive civil enforcement provisions as set forth in § 502(a), 29 U.S.C. § 1132(a). *McDonough,* 131 F.R.D. 467. In *Allstate,* the Third Circuit outlined a two-prong test which will support removal jurisdiction in an ERISA case:

1. Congressional intent to permit removal despite plaintiff's exclusive reliance on state law (preemption); and

---

1. A federal question is said to exist where an element in the plaintiff's case turns on a construction of federal law.

2. In fact, plaintiff's complaint consists only of a few phrases containing allegations that the defendant has wrongfully attempted to avoid payment. It does not state whether plaintiff takes

any position with respect to federal jurisdiction. Additionally, it does not take any position on whether plaintiff has standing to sue under ERISA's civil enforcement provisions. Therefore, the court finds that plaintiff stated a simple breach of contract claim to be heard before its local district justice.

2. The enforcement provisions of the federal statute create a federal cause of action vindicating the same interests that the plaintiff's state law cause of action seeks to vindicate.

*Allstate,* 879 F.2d at 93.

Defendant asserts that this action was properly removed to federal court since both prongs of the *Allstate* test are satisfied. To advance its cause, defendant cites the *Pilot* decision for the proposition that an action alleging improper processing of a claim for benefits under an ERISA plan is exclusively a federal concern. Defendant further contends that the *Pilot* decision affirms the requisite Congressional intent to permit removal in such cases despite plaintiff's exclusive reliance on state law.

Next, defendant contends that the second prong of the *Allstate* test is satisfied because there is a federal cause of action which vindicates the same rights plaintiff could pursue in state court. Although recognizing that ERISA provides an exclusive federal cause of action only for enumerated parties, defendant suggests that a federal cause of action exists for this plaintiff if the court grants that party standing to bring an ERISA action. Despite arguing that medical service providers such as plaintiff lack standing to bring a civil action under ERISA, defendant would have the court assume the validity of this proposition for the purpose of its jurisdictional inquiry.

Application of the governing legal principles to the facts in this case demonstrates that defendant's position is questionable on both points and that this court lacks jurisdiction to entertain this suit. First, the requisite Congressional intent to permit removal of state law claims brought by medical service providers is not established by the *Pilot* decision or any Third Circuit authority addressing the issue.[3] Second, the ERISA enforcement provisions, as interpreted under Third Circuit precedent, do not create a federal cause of action vindicating the same interests that the plaintiff seeks to vindicate in the state courts. Therefore, plaintiff's complaint is not removable under the complete preemption doctrine.

Both inquiries under the *Allstate* approach revolve around the question of whether a medical provider possesses standing to sue under ERISA. In a similar case requiring the Supreme Court to interpret the declaratory judgment provisions of the ERISA statute (29 U.S.C. § 1132(a)(3)(B)), the Court stated that where the statute carefully enumerated the parties entitled to relief, "a suit for similar relief by some other party did not 'arise under' that provision." *Franchise Tax Board of the State of California v. Con-*

---

**3.** The Third Circuit has held that standing to sue under ERISA does not extend to assignees of a participant-beneficiary. *Northeast Dept. ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 167 (3d Cir.1985). Although one member of the panel suggested that the ILGWU Fund had standing as the "assignee or subrogee" of a participant, the majority rejected this conclusion and denied the ILGWU Fund standing as an assignee. Two district court decisions in the Third Circuit considering the issue after *Northeast Dept. ILGWU* have held that standing cannot be granted to assignees of a plan participant. *See Health Scan, Ltd. v. Travelers Ins. Co.,* 725 F.Supp. 268, 269 (E.D.Pa.1989) (holding that medical service providers lacked standing but not discussing the issue of subject matter jurisdiction); *Nationwide Mut. Ins. Co. v. Teamsters Health & Welfare Fund,* 695 F.Supp. 181, 184 (E.D.Pa.1988). One district court in this circuit, considering the issue in 1983 (before the *Northeast Dept. ILGWU* decision) held that a medical care provider was not a beneficiary under the

ERISA provisions. *See Cameron Manor, Inc. v. United Mine Workers of America,* 575 F.Supp. 1243 (W.D.Pa.1983). Another district court decision concluded that a medical service provider lacked standing under ERISA and held that lack of standing compelled remand to the state courts on grounds that the federal court lacked subject matter jurisdiction. *McDonough,* 131 F.R.D. 467.

Although most courts in this circuit have held that a medical care provider lacks standing under ERISA, one district court has held that a health care provider had standing as a "third-party beneficiary" of plan benefits. *See Albert Einstein Medical Care Foundation v. National Benefit Fund for Hosp. and Health Care Employees,* 740 F.Supp. 343 (E.D.Pa.1989). That court relied on a line of cases from a variety of jurisdictions. A discussion of that line of authority can be found in Kallus, *ERISA: Do Health Care Providers Have Standing to Bring a Civil Enforcement Action Under Section 1132(a)?,* 30 Santa Clara L.Rev. 173 (1990).

*struction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Here too, the requisite Congressional intent to permit removal of state law claims despite a medical provider's reliance on state law can only be found if Congress intended to include medical service providers as enumerated parties under ERISA's civil enforcement provisions. *See Allstate,* 879 F.2d at 93. Similarly, a federal cause of action vindicating the same interests that plaintiff's state law claims advance can exist only if medical service providers are entitled to relief under ERISA's civil enforcement provisions. *See id.* For the reasons which follow, the court concludes that a medical service provider lacks standing to bring suit under ERISA and, therefore, this court is precluded from assuming jurisdiction over this case under the doctrine of complete preemption.

█ Section 502(a) of ERISA, 29 U.S.C. § 1132(a), provides that a civil action may be brought under ERISA by a plan "participant," "beneficiary," or "fiduciary," or by the Secretary of Labor. Rejecting standing claims by unenumerated parties under § 1132(a), courts have generally hewed to a literal construction of this section. *See Health Scan,* 725 F.Supp. at 269; *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1288–89 (5th Cir. 1988). *But see Fentron Industries, Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982) (non-enumerated parties have standing under three-part test for determining "implied" standing to sue). Moreover, three district courts in this circuit have held that a health care provider possesses no ERISA standing under § 1132(a). *Health Scan,* 725 F.Supp. at 269; *Cameron Manor,* 575 F.Supp. 1243; *McDonough,* 131 F.R.D. 467.

█ Further, not only are they not enumerated parties, but medical service providers do not have standing to sue as assignees of enumerated parties. Standing under ERISA does not extend to assignees of participant beneficiaries because Congress simply made no provision in § 1132(a) for unenumerated persons to sue. *Northeast Dept. ILGWU,* 764 F.2d at 154 n. 6. Defendant attempts to circumvent the impact

of this language by asserting that the first prong of the *Allstate* test is met because all improper processing claims brought against an ERISA plan are exclusively federal concerns. Under Third Circuit law, however, a medical service provider does not come within the list of enumerated parties whose rights may only be adjudicated in federal court. Therefore, a medical service provider's improper processing claim is not an exclusive federal concern under Third Circuit law.

Defendant also invites the court to conclude that a federal cause of action exists to vindicate the same interests that plaintiff's state law claims seek to vindicate, thereby satisfying the second prong of the *Allstate* test. Defendant claims that this is a permissible conclusion if the court assumes that plaintiff has standing to file suit under ERISA. In the same breath, however, the defendant asserts that once plaintiff's claim is said to be brought under ERISA, the case should be dismissed because plaintiff has no standing to sue under ERISA.

█ The error in defendant's logic is made clear when one realizes that the court cannot, for purposes of determining jurisdiction, assume that the plaintiff has standing to sue. *Northeast Dept. ILGWU,* 764 F.2d at 154, n. 6 ("[T]he intentions of the parties and the district court regarding federal jurisdiction are irrelevant to the determination whether such jurisdiction exists."). Where a removal petitioner in an ERISA case relies on a complete preemption theory, the ability to remove the state court action under the second prong of the *Allstate* inquiry depends upon whether plaintiff can bring suit under ERISA. Because Third Circuit law currently precludes medical care providers from stating claims under ERISA, this court concludes that there is no basis to invoke its removal jurisdiction under the complete preemption doctrine and, therefore, defendant's petition for removal should be denied and the case remanded to state court.