John A. DENK, on his own behalf and as Administrator of the Estate of Rosemarie J. Denk, Deceased,

v.

The BOEING COMPANY, The Boeing Helicopters Medical Plan, King County Medical Blue Shield, Independence Blue Cross/Pennsylvania Blue Shield, and Boeing Welfare Benefit Plans Committee.

Civ. A. No. 94–4117.

United States District Court, E.D. Pennsylvania.

March 30, 1995.

Joseph W. Fullem, Jr., Richard J. Sestak, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for plaintiff.

Robert M. Goldich, Hannah P. Gearhart, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for defendants.

## *MEMORANDUM*

RAYMOND J. BRODERICK, District Judge.

Plaintiff John A. Denk, on his own behalf and as Administrator of the Estate of Rosemarie J. Denk, has filed a motion to remand this action to the Court of Common Pleas, Delaware County, on the ground that the Court lacks subject matter jurisdiction because his Complaint raises only state law claims. Defendants have filed responses in opposition to Plaintiffs' motion, contending that the Court has subject matter jurisdiction because Plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* and were properly removed to federal court.

For the reasons set forth below, the Court will deny Plaintiffs' motion to remand this action to state court.

### I. Background

On June 15, 1994, Plaintiffs filed their original Complaint in the Court of Common Pleas, Delaware County. In this Complaint, Plaintiffs alleged that Decedent Rosemarie J. Denk was diagnosed with late stage breast cancer in December 1990, and that the cancer had metastasized to her bone marrow. Doctors treating Mrs. Denk recommended high-dose chemotherapy and a procedure known as autologous bone marrow rescue.

Mrs. Denk was a beneficiary under Defendant Boeing Helicopters Medical Plan ("BHMP"), a group health insurance plan provided to her husband, Plaintiff John Denk, an employee of Defendant Boeing and a participant in BHMP. Defendant Boeing Welfare Benefits Committee ("The Benefits Committee") is the Plan Administrator of BHMP, with additional administration performed by Defendants Independence Blue Cross ("IBC"), Pennsylvania Blue Shield ("PBS"), and King County Medical Blue Shield ("KCMBS").

Plaintiffs allege that when Mrs. Denk requested coverage for the chemotherapy and autologous bone marrow rescue, Defendants Boeing and BHMP denied coverage on the ground that the proposed treatment was "experimental or investigational." These decisions were allegedly appealed under various plan administrative procedures, where coverage was again denied by Defendants IBC, PBS, KCMBS, and the Benefits Committee. Plaintiffs assert that because of this lack of coverage, Mrs. Denk was unable to undergo the treatment recommended by her doctors and subsequently died on November 25, 1993. Plaintiffs also assert that Defendants

now provide coverage for the treatment that was denied to Mrs. Denk.

Plaintiffs' original Complaint alleged claims based on the denial of benefits to Mrs. Denk under both federal and state law. Plaintiffs alleged claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for the benefits denied to Mrs. Denk and for breach of fiduciary duty. Plaintiffs also alleged a variety of state law claims based on the denial of benefits to Mrs. Denk, including breach of contract, breach of duty of good faith and fair dealing, negligent performance of undertaking to render services, and insurer bad faith, as well as negligent and intentional infliction of emotional distress to both Mr. Denk and the decedent. Plaintiffs sought both compensatory and punitive damages.

After Defendants filed a notice of removal to this Court on June 6, 1994, the parties filed a joint stipulation providing that Plaintiffs may file an Amended Complaint and this stipulation was approved by the Court. In their Amended Complaint, Plaintiffs deleted all references to ERISA and allege that each of their sixteen counts state a cause of action under Pennsylvania law. Plaintiffs allege breach of contract, breach of duty of good faith and fair dealing, negligent performance of services, and negligent and intentional infliction of emotional distress to Mr. and Mrs. Denk. Plaintiffs also allege a conspiracy to defraud the decedent of her benefits, violations of the Pennsylvania Fair Trade and Business Act, and wrongful death and survival claims. Plaintiffs also allege claims of negligence against Defendants based on an agency theory, asserting that Defendants failed to use reasonable care in selecting the administrators and physicians involved in the Plan's denial of coverage decisions, as well as a malpractice claim based on a theory that the Plan administrators owed Plaintiffs a duty to render proper medical advice. Plaintiffs request both compensatory and punitive damages.

Plaintiffs now seek to remand this action to state court on the ground that they no longer assert any violations of federal law and do not seek to vindicate any interest protected by ERISA. Plaintiffs contend that they have brought a wrongful death and survival action in accordance with Pennsylvania law, and that the interests they seek to vindicate are based on Mrs. Denk's suffering and eventual death and Mr. Denk's suffering. It is Plaintiffs' position that their Complaint asserts only state law claims and that they do not seek to recover benefits or other relief provided in ERISA's civil enforcement provisions. It is their contention that Congress did not intend that such state law claims should be removable to federal court. Plaintiffs assert that the Court lacks subject matter jurisdiction and must remand this action to state court pursuant to 28 U.S.C. § 1447(c).

Defendants oppose Plaintiffs' motion to remand on the ground that Plaintiffs' claims are preempted by ERISA and are properly in federal court. Defendants assert that although Plaintiffs do not allege a federal question in their Amended Complaint, such an allegation is not necessary for removal pursuant to ERISA and Plaintiffs' motion to remand this action to state court must be denied.

## II. Discussion

"ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical surgical or hospital care, or benefits in the event of sickness, accident, disability or death." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 43, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). In implementing this comprehensive legislation, Congress included clauses governing the preemption relationship between ERISA and state law, which the Supreme Court has summarized succinctly as follows:

> If a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted. The saving clause excepts from the pre-emption clause laws that 'regulat[e] insurance.' The deemer clause makes clear that a state law that 'purport[s] to regulate insurance' cannot deem an employee benefit plan to be an insurance company.

*Id.* at 45, 107 S.Ct. at 1552 (citations omitted). The Supreme Court has "emphasized

that a pre-emption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" *Id.* at 47–48, 107 S.Ct. at 1553 (quoting *Shaw v. Delta Air Lines,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). In interpreting these preemption provisions, the Supreme Court has found that claims under such state common law causes of action as breach of contract and bad faith are clearly pre-empted by ERISA where the claims are based on an improper denial of benefits under an employee benefit plan. *See id.*

The Supreme Court has also determined that even though a complaint purports to raise only state law claims, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (finding that the district court properly denied motion to remand where an employee who had been denied disability benefits by employee benefits plan sought "compensatory damages for money contractually owed Plaintiff, compensation for mental anguish caused by breach of this contract, as well as immediate reimplementation of all benefits and insurance coverages Plaintiff is entitled to"). In *Metropolitan,* the Supreme Court found that Congress intended to create complete preemption in enacting both ERISA and § 301 of the Labor Management Relations Act, and that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] removable to federal court. . . . Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress." *Id.* at 66–67, 107 S.Ct. at 1548.

■ The Third Circuit has adopted a two-prong test for determining whether state law claims may be removed to federal court under the ERISA doctrine of complete preemption. As stated by Judge Stapleton, "[t]he doctrine of complete preemption applies only when two circumstances are present: when the enforcement provisions of a federal stat-ute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate and when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law." *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989).

■ As to the first prong of *Allstate,* there is no question that ERISA clearly creates a federal cause of action which vindicates the same interests which Plaintiffs are seeking to vindicate. 29 U.S.C. § 1132 provides in relevant part:

A civil action may be brought—

(1) by a participant or beneficiary . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

In examining the language of § 1132 and its legislative history, the Supreme Court concluded that "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants were free to obtain remedies under state law that Congress rejected in ERISA. . . . The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive. . . . [Congress intended that] all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by [29 U.S.C. § 1132]." *Pilot Life Ins Co. v. Dedeaux,* 481 U.S. 41, 54–56, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987).

■ Plaintiffs contend that § 1132 does not vindicate the interests of their state

**694**

causes of action because they seek damages based on the suffering of Mr. and Mrs. Denk, and do not seek to recover benefits due to Mrs. Denk as provided in 29 U.S.C. § 1132(1)(B). The issue in determining whether the first prong of the complete preemption test is satisfied "is not whether the federal law provides the same remedy available to the plaintiff under state law, but whether there is some vindication for the same interest." *Railway Labor Exec. v. Pittsburgh & Lake Erie R.*, 858 F.2d 936, 942 n. 2 (3d Cir.1988).

Each of Plaintiffs' state law claims are based on the alleged improper denial of benefits to Mrs. Denk under the Plan administered by the Defendants. While Plaintiffs assert that their numerous state law claims seek to vindicate other interests which are not protected by § 1132, the Supreme Court has made it abundantly clear in *Pilot Life* and in *Metropolitan* that state law claims that relate to the improper denial of benefits under an ERISA plan are completely preempted by federal law.

The second prong of *Allstate*, requiring "affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law," is clearly satisfied where § 1132 provides the federal cause of action. As heretofore stated, the Supreme Court concluded in *Metropolitan* that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] removable to federal court." *Metropolitan, supra*, 481 U.S. at 66–67, 107 S.Ct. at 1548.

Because the Court finds that the civil enforcement provisions of § 1132 vindicate the interests underlying Plaintiffs' state law causes of action, and there is no doubt that Congress intended that actions within the scope of § 1132 be removable to federal court, the Court concludes that it has subject matter jurisdiction in this action.

For the reasons set forth above, the Court will deny Plaintiffs' motion to remand this action to state court.