Joseph CANNON

v.

Stephen A. SHELLER, Esq., Stanley Mitnik, and Barbara Mitnik.

Civ. A. No. 93–2315.

United States District Court,
E.D. Pennsylvania.

June 28, 1993.

---

Joel Fishbein, Philadelphia, PA, for plaintiff.

Leonard V. Fodera, Sheller, Ludwig & Badey, Philadelphia, PA, for defendants.

## MEMORANDUM

BARTLE, District Judge.

This is an action under Pennsylvania's Wrongful Use of Civil Proceedings statute, 42 Pa.Cons.Stat.Ann. §§ 8351 *et seq.*

Plaintiff Joseph Cannon ("Cannon") instituted this suit in the Court of Common Pleas

of Philadelphia County, Pennsylvania. Defendants Stephen A. Sheller and Stanley and Barbara Mitnik ("Sheller, *et al.*") have removed it to this Court on the ground that it involves a federal question, under the "complete preemption" doctrine. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The plaintiff has filed a motion to remand and defendants have filed a motion to dismiss.

This suit had its genesis in an earlier action in this Court, captioned *Stanley Mitnik, et al. v. Joseph F. Cannon, et al.,* 784 F.Supp. 1190. In that case the trustees of an employee benefit fund sued Joseph Cannon, the plaintiff here, and others under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* as well as under several state common law claims. One of the defendants in that action, Frederic Shapiro, the attorney for the fund, had pleaded guilty in federal court to misappropriating certain monies belonging to the fund.

The trustees, who had hired Cannon to render certain pension administrative services to the employee benefit plan in question, claimed in the prior action that Cannon had breached his fiduciary duty under ERISA. This Court granted Cannon's motion for summary judgment on the ERISA claim, dismissed the state law claims on the ground that they were preempted by the ERISA claim, and dismissed the trustees' claim under RICO on the ground that the trustees had failed to state a claim upon which relief could be granted. This Court, however, declined to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure.[1] The Court of Appeals affirmed. *See Mitnik on*

---

1. Rule 11 provides in pertinent part that:
... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who singed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

*behalf of Bonnell Dress Co. v. Cannon,* 784 F.Supp. 1190 (E.D.Pa.1992), *aff'd* 989 F.2d 488 (3d Cir.1993).

After the earlier case ended in his favor, Cannon began this suit in the state court, claiming that the trustees and their counsel violated the Pennsylvania Wrongful Use of Civil Proceedings statute, 42 Pa.Cons.Stat. Ann. § 8351, by filing a frivolous suit in federal court. That statute provides in relevant part:

(a) ... A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) ... The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

42 Pa.Cons.Stat.Ann. § 8353 further provides that, where the essential elements of an action under § 8351 have been established, the plaintiff is entitled to recover for the following:

(1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or other things, suffered by him during the course of the proceedings.

(2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

(3) The expense, including any reasonable attorney fees, that he has reasonably incurred in defending himself against the proceedings.

(4) Any specific pecuniary loss that has resulted from the proceedings.

(5) Any emotional distress that is caused by the proceedings.

(6) Punitive damages according to law in appropriate cases.

Defendants removed this wrongful use of civil proceedings case to this Court. They claim that, under the "complete preemption" doctrine, the case involving a Pennsylvania statute is removable.

■ There exists a "powerful doctrine" with respect to federal jurisdiction which is known as the "well-pleaded complaint rule." This rule, which applies to the original jurisdiction of the district courts as well as to their removal jurisdiction, marks the boundaries of subject matter jurisdiction of the federal district courts. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9 and n. 9 at 10, 103 S.Ct. 2841, 2846 and n. 9 at 2847, 77 L.Ed.2d 420 (1983), *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 64–66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). By virtue thereof, and

under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case "arises under" federal law.

*Ibid.,* 463 U.S. at 10, 103 S.Ct. at 2847 (emphasis in original; n. 9 omitted).

■ As plaintiff's complaint here alleges only a state law cause of action, it plainly does not establish that the case "arises under" federal law pursuant to the well-pleaded complaint rule. However, the complete preemption doctrine, upon which defendants rely, creates an exception to that rule. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392–393, 107 S.Ct. 2425, 2429–2430, 96 L.Ed.2d 318 (1987). Federal jurisdiction exists despite the rule

where it is found that Congress has so completely preempted a particular area, that "any civil complaint raising this select group of claims is necessarily federal in character."

*Allergy Diagnostics Laboratory v. Equitable,* 785 F.Supp. 523, 525 (W.D.Pa.1991), quoting *McDonough v. Blue Cross of Northeastern Pennsylvania,* 131 F.R.D. 467 (W.D.Pa.1990).

When it enacted ERISA, Congress provided that

[e]xcept as provided in subsection (b) of this section [relating to causes of action occurring before January 1, 1975; to state laws regulating insurance, banking and securities; and to certain laws which regulate insurance], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) (emphasis added).

A state law

"relates to" an employee benefit plan if it has a connection with or reference to the plan, even if the law is not specifically designed to affect the plan, or if the effect is only indirect.

*Mitnik v. Cannon,* 784 F.Supp. at 1194, citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 137–140, 111 S.Ct. 478, 482–483, 112 L.Ed.2d 474 (1990). Thus, in *Pilot Life,* the Supreme Court held that ERISA preempted state common law claims for alleged improper processing of a benefits claim under an ERISA-regulated benefits plan. Likewise, in *Ingersoll–Rand* it held that ERISA preempted a state common law claim that an employee was wrongfully discharged to prevent his attainment of benefits under ERISA. Further, in *Metropolitan Life Ins. Co. v. Taylor, supra,* the Court held that state common law causes of action, which are preempted by ERISA and within the scope of ERISA's civil enforcement provisions of 29 U.S.C. § 1132(a), are removable to federal court under 28 U.S.C. § 1441(b).[2] Defendants contend that ERISA preemption is likewise applicable in this case because § 1132(g)(1) of ERISA, which provides for the award of attorney's fees and costs to either party, indicates a Congressional determination completely to preempt this area.[3]

The initial question for determination with respect to defendants' contention is whether this case "relates to" an employee benefit plan under ERISA so as to invoke the preemption clause of § 1144(a). In support of his contention that it does not, plaintiff Cannon maintains that his claims

do not relate to ERISA in any way and [that] their only connection to ERISA in this case is the fortuity that the Mitniks, through their attorney, Stephen Sheller, Esquire, filed a [prior federal] lawsuit in which one of the frivolous claims raised purported to state an ERISA violation.

■ Usually the question of whether a state court action "relates to" an employee benefit plan under ERISA arises in the context of an action which directly deals in some respect with an ERISA plan. Thus, in *Amos v. Blue Cross–Blue Shield,* 868 F.2d 430 (11th Cir.), *cert. denied* 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989), the Court held that

... there can be no dispute that the common law causes of action asserted by the plaintiffs—bad faith refusal to pay, fraud and breach of contract—"relate to" an employee benefit plan and therefore fall within ERISA's express preemption clause.

In contrast here, the action does not directly or even indirectly concern an ERISA plan. It relates only to a litigant's use of civil proceedings for various causes of action including an ERISA claim which was rejected on summary judgment.

---

**2.** 28 U.S.C. § 1441(b) provides as follows:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**3.** 29 U.S.C. § 1132(g)(1) provides in full as follows:

In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

The standards which this Court must apply with respect to the complete preemption doctrine were articulated by the Court of Appeals for the Third Circuit in *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90 (3d Cir. 1989).[4] *Allstate* made clear that the doctrine may be applied

> only when two circumstances are present: when the enforcement provisions of a federal statute create a federal cause of action *vindicating the same interest that the plaintiff's cause of action seeks to vindicate* and when there is an *affirmative congressional intent to permit removal despite the plaintiff's exclusive reliance on state law.*

(emphasis added).

■ The *Allstate* court found that the first criterion was not met because "ERISA nowhere provides an express cause of action in favor of a non-ERISA insurance company for contribution or indemnity under an ERISA plan." Similarly here, ERISA does not provide an express cause of action with a broad spectrum of remedies to deal with a litigant's prior wrongful use of civil proceedings. *Compare* 42 Pa.Cons.Stat.Ann. § 8351 with 29 U.S.C. § 1132(g)(1). Indeed, the interests sought to be vindicated by these two statutes are obviously quite different. The fact that attorney's fees under ERISA have on occasion been awarded to a losing party indicates that they were not intended solely to act as a deterrent to non-meritorious actions. *See Winpisinger v. Aurora Corp.,* 469 F.Supp. 782 (N.D.Ohio 1979).

The mere fact that § 8351, like ERISA, provides for the award of reasonable attorney's fees and costs hardly indicates that, when it enacted ERISA, Congress intended completely to preempt the far broader area of wrongful use of civil proceedings with which the state statute is concerned. As in the *Allstate* case, no evidence has been directed to the Court's attention that Congress intended the doctrine of complete preemption to apply merely because both statutes permit the award of reasonable attorney's fees or because a cause of action references an earlier cause of action which involved an ERISA claim which was rejected on summary judgment. In fact, the legislative history relied upon by defendants, that "broad pre-emptive provisions intended to 'eliminat[e] the threat of conflicting or inconsistent State and local regulation of employee benefit plans' " (statement of Senator Williams at 120 Cong.Rec. 29933 (1974)), actually undercuts defendants' position. This case is far removed from ERISA and plainly does not in any way involve regulation of an employee benefit plan.

Similarly unavailing is defendants' reliance on *Gelzinis v. John Hancock Mutual Life Ins. Co.,* 1993 WL 131566, 1993 U.S. District LEXIS 5483 (Civil Action No. 93–569, E.D.Pa. April 26, 1993). *Gelzinis* pertained to the issue of whether ERISA preempted state claims brought under 42 Pa.Cons.Stat. Ann. § 8371.[5] Defendants cite this case for the proposition that "ERISA preempts a state law cause of action for attorneys [sic] fees in an action against an insurance company for alleged wrongful termination of dis-

---

4. *Allstate* arose as a state court declaratory judgment action to determine whether primary medical coverage for an accident victim was under an Allstate no-fault automobile insurance policy or under a medical insurance program provided by a plan to cover employees at the victim's father's place of business which was governed by ERISA. In deciding whether the case properly was removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1331 (relating to federal question jurisdiction), the court first noted that the complaint—like the complaint here at issue—did not rely in any respect on federal law. Based thereon, and in accordance with the well-pleaded complaint rule, it held that "the mere fact that the Plan may have a preemption defense does not alone permit removal." 879 F.2d at 93. That holding is equally applicable to the case at bar. Thus, as in *All-*state, the only question is whether the complete preemption doctrine applies.

5. 42 Pa.Cons.Stat.Ann. § 8371 provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

ability benefits under an employer funded benefit plan." Additionally, they maintain that § 8371 "is closely analogous to the Pennsylvania Wrongful Use of Civil Proceedings statute."

Defendants neglect to mention, however, that the affected litigants in *Gelzinis conceded* that ERISA preempted their state law claims under 42 Pa.Cons.Stat.Ann. § 8371. Further, that case—unlike this case—concerned a cause of action which clearly "related to" an ERISA plan claim as described by 29 U.S.C. § 1144(a). In this case—as in *Allstate*—the controlling and governing authority establishes that the doctrine of complete preemption is inapplicable. The motion for remand will therefore be granted.