Arthur DAVIS, on behalf of himself
and all others similarly
situated, Plaintiff,

v.

SMITHKLINE BEECHAM CLINICAL
LABORATORIES, INC.,
Defendant.

No. CIV. A. 98–0109.

United States District Court,
E.D. Pennsylvania.

Feb. 26, 1998.

Denise Davis Schwartzman, Haverford, PA, Richard P. Myers, Philadelphia, PA, for Plaintiff.

Frederick G. Herold, Philadelphia, PA, for Defendant.

## ORDER AND EXPLANATION

ANITA B. BRODY, District Judge.

This class action was filed in the Philadelphia Court of Common Pleas on December 5, 1997. The Complaint alleges violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act, fraud, negligence, and unjust enrichment, based on defendant SmithKline Beecham Clinical Laboratories, Inc. ("SBCL")'s alleged fraudulent billing for laboratory tests. The class plaintiff seeks to represent consists of "all persons or entities who, between January 1, 1989 and December 30, 1996 ('Class Period'), paid SBCL inflated fees or charges for clinical laboratory tests and were injured thereby (the 'Class')."

SBCL removed the case to federal court pursuant to 28 U.S.C. § 1441. Plaintiff Arthur Davis ("Davis") has now moved for a remand to state court. While the motion for remand in this case was pending, the Judicial Panel on Multidistrict Litigation entered an order transferring three related cases against SBCL, all alleging improper billing practices for clinical laboratory testing, to the Honorable Alfred V. Covello in the District of Connecticut for consolidated pretrial proceedings with three related actions already pending in the District of Connecticut. On February 18, 1998, the Panel entered a conditional transfer of the instant case to the District of Connecticut; this transfer will take effect on March 5, 1998. Thus, currently before me is the Plaintiff's Motion for Remand.

■ Plaintiff argues that this case should be remanded because there are no federal questions on the face of the Complaint. Plaintiff's Remand Mem. at 5. Defendant responds that some of the claims are completely preempted by the civil enforcement scheme of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), because Davis and the class seek restitution of funds, *including ERISA plan funds,* paid to SBCL. Defendant's Remand Mem. at 10–14. Plaintiff, however, asserts that none of the claims in the Complaint involve the enforcement provisions of ERISA, and, therefore, none of them are completely preempted. Plaintiff's Remand Mem. at 5.

In deciding whether this action should be remanded, I must resolve two inquiries: first, whether Davis' complaint relies upon federal law as a ground for recovery, and, second, if it does not, whether it makes a claim that is "completely preempted" by federal law.

■ Ordinarily, whether a case is one "arising under" the Constitution, laws or treaties of the United States, and therefore properly removable to the district court is determined by the district court's examination of a plaintiff's claims under the well-pleaded complaint rule. *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 353 (3d Cir. 1995). The well-pleaded complaint rule requires that the federal question be presented on the face of the plaintiff's complaint. *See Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Davis' complaint seeks restitution for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act, fraud, negligence, and unjust enrichment. In no instance does the complaint rely upon federal law. Therefore, I will have jurisdiction only if Davis' claims fall into one of the narrow areas that Congress has decided to completely preempt. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (preemptive force of a federal statute such as ERISA as to which complete preemption applies is so powerful as to displace entirely any state cause of action for a claim).

■ The doctrine of complete preemption applies only when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's state law cause of action seeks to vindicate and when there is affirmative evidence of a congressional intent to permit removal despite the plaintiff's exclusive reliance on state law. *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989). The Supreme Court has narrowly applied the complete preemption exception to only two federal statutes, one of which is ERISA. *Metropolitan Life,* 481 U.S. at 66.

■ For a state law claim to be completely preempted by ERISA, it must be a claim which falls within the scope of ERISA's civil enforcement scheme, § 502(a). *See Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166, 172 (3d Cir.1997). Section 502(a) provides, in pertinent part:

a civil action may be brought:

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any

provisions of this subchapter or the terms of the plan . . .

29 U.S.C. § 1132(a)(3).

The instant case falls within the scope of ERISA § 502(a). Davis' Complaint explicitly seeks redress on behalf of "those persons and entities who paid for clinical laboratory tests performed by SBCL, as self-insurers, co-insurers, patients or contributors to ERISA welfare benefit plans." Complaint, ¶ 3. Therefore, the putative class includes, as class members, ERISA plan participants and beneficiaries, third party administrators or contract administrators for ERISA plans, as well as the plans themselves, because these entities paid SBCL bills for clinical laboratory tests. Complaint, ¶¶ 22–23. Although some members of the putative class may not be ERISA participants, beneficiaries, or fiduciaries, as the case stands before me, I have one representative, Davis, by whom to decide preemption, and Davis, by his own pleadings, is an ERISA plan participant and beneficiary.[1] Plaintiff's Remand Mem. at 2. ("The Plaintiff personally paid SBCL for certain clinical laboratory tests performed on him by SBCL. Payments were made by Plaintiff either as a co-pay, co-insurance or part of the deductible under his health insurance plan. Complaint, ¶ 4. Plaintiff's health insurance plan was provided by his employer (or former employer) as an ERISA qualified health and welfare benefit plan.")

Furthermore, Davis seeks to vindicate the same interest that the ERISA civil enforcement provisions allows. He seeks equitable relief for violations of the plan: restitution of alleged overpayments made, *inter alia*, by ERISA plans and ERISA insureds. Complaint ¶¶ 27, 47, 56. Davis does not question the quality of health care provided by SBCL, rather, he alleges that SBCL intentionally charged patients for tests that were never performed. Complaint, ¶ 1. *See Dukes*, 57 F.3d at 357–58 (interpreting civil enforce-

ment section of ERISA to preempt state law where the issue concerns the quantity of plan benefits due, but not the quality of services rendered); *Kapka v. Hornstein*, 1997 WL 381762, 1997 U.S. Dist. LEXIS 9191 (E.D.Pa. June 25, 1997) (Ludwig, S.J.)(remanding medical malpractice action and holding that an attack on the quality of medical services provided by a defendant does not fall within the scope of section § 502(a)). Although Plaintiff correctly argues that the Complaint "asserts no claims for benefits under Plaintiff's ERISA plan or any other ERISA plan and raises no claims for breach of fiduciary duty by any ERISA fiduciaries," Plaintiff's Remand Mem. at 2, the Complaint does seek relief for violations of the "terms of the plan," e.g., provisions allowing payment only for "medically necessary" tests. The determination of the amounts of overpayments to SBCL by ERISA plans and ERISA-covered class members like Davis will require the examination and interpretation of ERISA plans setting forth the criteria for calculating such payments. *See Blue Cross & Blue Shield of Alabama v. Weitz*, 913 F.2d 1544, 1549 (11th Cir.1990) (holding an ERISA plan fiduciary's suit to recover money mistakenly paid to an unauthorized health care worker who provided services to plan members falls within § 502(a)(3)). ERISA § 502(a) creates a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate. *See id.* at 1549 ("[a]n equitable action to recover benefits erroneously paid . . . falls within the clear grant of jurisdiction contained in 29 U.S.C. § 1132(a)(3)"). Therefore, Davis' claims are completely preempted and I will deny the motion for remand. *See Central States, Southeast & Southwest Areas Health & Welfare Fund v. Neurobehavioral Associates*, 53 F.3d 172 (7th Cir.1995) (holding claims for overpayments brought by ERISA representatives against health care providers fall within ERISA's civil enforcement scheme);

---

1. Even were I to have before me one representative who was an ERISA beneficiary and a number who were not, if some of the claims in this case are completely preempted, they may be removed to federal court, and the state law claims will be removed pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, given that all the claims are alleged to derive from a com-

mon nucleus of operative fact —— alleged overbilling activity by SBCL. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 n. 15, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (noting that if certain state law claims had been completely preempted, the remaining state law claims would have been subject to pendent jurisdiction).

*Weitz,* 913 F.2d 1544 (same); *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Comprehensive Care Corp.,* 864 F.Supp. 831, 834 (N.D.Ill.1994) (same). *But see National Benefit Administrators, Inc. v. Mississippi Methodist Hospital & Rehabilitation Center, Inc.,* 748 F.Supp. 459, 464 (S.D.Miss.1990) (holding that claims for overpayments brought by ERISA representatives against third party health care providers do not fall within ERISA's civil enforcement scheme).

**AND NOW,** this 26th day of February, 1998, **IT IS ORDERED THAT** Plaintiff's Motion for Remand and for an Award of Costs, Expenses and Attorneys' Fees is **DENIED.**